## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

LOUIS KENJUAN COBB
ADC #114973                                                              PETITIONER


VS.                              5:12CV00274 JLH/JTR


RAY HOBBS, Director
Arkansas Department of Correction                                        RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District

Judge J. Leon Holmes.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or

legal basis for the objection.  If the objection is to a factual finding, specifically

identify that finding and the evidence that supports your objection.  An original and

one copy of your objections must be received in the office of the United States District

Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file

timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing
   before the United States District Judge was not offered at
   the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony
   or other evidence (including copies of any documents)
   desired to be introduced at the requested hearing before the
   United States District Judge.

From this submission, the United States District Judge will determine the necessity

for an additional evidentiary hearing, either before the Magistrate Judge or before the

District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I. Introduction

Petitioner, Louis Kenjuan Cobb, has filed a Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254.[1]  (Docket entry #2). This is the second habeas Petition he has filed collaterally attacking his January 19, 1999 capital murder conviction in Pulaski County Circuit Court.[2]

Petitioner's first § 2254 habeas action was dismissed, on July 2, 2002, after United States District Judge James M. Moody determined that it was untimely. *Cobb v. Norris*, E.D. Ark. No. 5:00CV00407 JMM/JWC at docket entries #10 and #12.  On September 3, 2002, the Eighth Circuit Court of Appeals denied Petitioner's request for a Certificate of Appealability. *Cobb v. Norris*, (8th Cir. No. 02-2906 slip op. Sep. 3, 2002).

Petitioner filed the current habeas action on July 19, 2012.  (Docket entry #1). For the reasons set forth below, the Court recommends that the habeas Petition be dismissed, without prejudice.

## II.  Discussion

A claim presented in a second or successive § 2254 habeas petition must be dismissed unless the Petitioner can make a prima facie showing that he has satisfied the requirements of 28 U.S.C. § 2244(b)(2). However, that determination must be

---

[1]Petitioner has also filed a Motion to Proceed *In Forma Pauperis*.  (Docket entry #1).  Based on the financial information provided, the Court concludes that he is eligible to proceed *in forma pauperis*.

[2]Petitioner received a life sentence, without the possibility of parole.

made by the Eighth Circuit Court of Appeals, *not* the United States District Court. *See* 28 U.S.C. § 2244(b)(3)(A)("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Thus, in order to file a successive habeas action in this Court, Petitioner must first obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Pennington v. Norris*, 275 F.3d 857, 858 (8th Cir.2001) (explaining that a habeas petitioner must obtain authorization from the Eighth Circuit before he can raise a successive challenge to a state conviction).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.    Petitioner's Motion to Proceed *In Forma Pauperis* (docket entry #1) be GRANTED.

2.    The Petition for a Writ of Habeas Corpus, under 28 U.S.C. § 2254 (docket entry #2), be DISMISSED, WITHOUT PREJUDICE, so that Petitioner may seek authorization from the Eighth Circuit to file a successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A).

DATED this 15th day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE